IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736      *
              Plaintiff,

v.                           * CIVIL ACTION NO. AW-10-2363

JOHN W. DEBELIUS           *
LORETTA E. KNIGHT
DIANNA K. SCHAEBERLE      *
              Defendants.

                             *****

**<u>MEMORANDUM</u>**

Plaintiff, who is confined at the North Branch Correctional Institution in Cumberland,

Maryland, filed an "Order to Show Cause for Preliminary Injunction and Temporary Restraining

Order" and Memorandum in support thereof on August 23, 2010.   He names the Administrative

Judge, his Law Clerk, and the Clerk of the Court in the Circuit Court for Montgomery County as

parties.   Paper No. 1.   The papers have been construed as a 42 U.S.C. § 1983 civil rights action for

injunctive relief.

Affording the pro se filing a generous construction, Plaintiff seemingly claims that an

emergency post-conviction petition filed in the Circuit Court in March of 2010 was not

acknowledged or assigned a case number by the Clerk and a subsequent motion to hear the petition

was dismissed by Montgomery County Circuit Court Administrative Judge John W. Debelius III,

who indicated that the petition had been withdrawn and was no longer pending.   Plaintiff also states

that he filed an application for issuance of a writ of habeas corpus in the Circuit Court on or about

August 6, 2010.   He complains that the state court is now claiming that it did not receive the

application. Paper No. 1.   Plaintiff accuses Judge Debelius of depriving him of his constitutional

rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and he requests that Judge Debelius be enjoined from presiding over his "second" application for issuance of a writ of habeas corpus. *Id*.

The party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).

Plaintiff has failed to establish any of the criterion under *Winter*. He has not demonstrated how the failure to grant him the relief he seeks will cause him immediate and irreparable harm, how the scale of equities tips in his favor, or how the injunction is in the public interest. In effect, he seeks a federal forum for disagreements with a state court administrative judge as to the treatment of and rulings on his circuit court filings. This court shall not intervene in his state post-criminal-judgment proceedings.

Further, Plaintiff has failed to show the likelihood of success on the merits. Judge Sebelius is otherwise entitled to absolute immunity for his judicial actions. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Pressley v. Gregory*, 831 F.2d 514 (4th Cir. 1987). Court clerks likewise enjoy derivative (absolute) immunity when they are acting in obedience to judicial order or under the court=s direction. *See McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972); *Lockhart v. Hoenstine*, 411 F.2d 455 (3rd Cir. 1969).

The state court docket, currently encompassing 130 pages, confirms that Plaintiff was convicted on multiple offenses in the Circuit Court for Montgomery County in September of 2008. It also shows that on March 18, 2010, Plaintiff's emergency petition for post-conviction relief, the same petition at issue in this action, was received for filing in the Circuit Court. On or about March 18 and April 5, 2010, the Circuit Court also received "defendant's motions for permission to withdrawn [sic] emergency petition for post-conviction relief." On April 14, 2010, Judge Debelius granted the motion. Despite Judge Debelius's action, the State filed an answer to the post-conviction petition and Plaintiff filed a "motion to reply." The docket also shows that since May of 2010, Plaintiff has peppered the Circuit Court with various motions, thus belying his veiled access-to-courts claim.[1]  *See Lewis v. Casey*, 518 U. S. 343, 355 (1996).

For the reasons discussed, injunctive relief shall be denied and the case shall be dismissed by separate Order.[2]

Date:  September 3, 2010                             _____/s/_____
                                                    Alexander Williams, Jr.
                                                    United States District Judge

---

[1]      The docket shows that since May of 2010, Plaintiff filed in the Circuit Court: (1) an emergency motion for recognizance or bail pending post-conviction relief; (2) an emergency motion to proceed in forma pauperis; (3) an emergency motion for reconsideration of emergency motion for recognizance of bail; (4) an emergency motion to transfer petitioner's emergency petition for post-conviction relief; (5) emergency motion to disqualify Administrative Judge John W. Debelius III; (6) an emergency petition to have cases assigned to Judge Eric Johnson; (7) an emergency motion for reconsideration; (8) a motion to transmit all 66 documents attached to petitioner's emergency petition for post-conviction relief petitioner application for issuance of a writ of habeas corpus; (9) a motion to withdrawal emergency motion for reconsideration; and (10) and a motion for permission to withdrawal emergency petition for post-conviction relief.   (copy attached).

[2]      Plaintiff's filing was not accompanied by an indigency motion. He shall not be required to cure this deficiency.

3